UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>,
    Government

v.                                            Criminal No. 10-cr-88-3-SM

<u>Brittney Indoccio</u>,
    Defendant

**<u>O R D E R</u>**

Defendant was released pending trial upon conditions. She promptly violated those conditions by using marijuana, using cocaine, and missing three drug treatment appointments and one probation visit. Accordingly, revocation of her release on bail was sought and, after a hearing, the Magistrate Judge revoked defendant's bail, finding probable cause to believe that she committed other crimes while on release (drug felonies) (document no. 20). The Magistrate Judge also found that defendant's conduct established that she is unlikely to abide by any condition or combination of conditions of release that might be imposed.

That determination was reviewed by a different Magistrate Judge upon defendant's request and, after hearing, the revocation order was left undisturbed.

The provisions of 18 U.S.C. § 3148 are straightforward. Revocation of bail is an authorized sanction for failure to comply with the terms of release set by the court if, after a hearing, the judicial officer granting bail:

>   (1) finds that there is -
>
>   > (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>   >
>   > (B) clear and convincing evidence that the person has violated any other condition of release; and
>
>   (2) finds that -
>
>   > (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>   >
>   > (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b).

Here, as noted above, the Magistrate Judge found probable cause to believe that defendant had committed a Federal, State, or local crime while on release (i.e., the possession and use of cocaine). That finding gave rise to the rebuttable presumption that no condition or combination of conditions will assure that defendant will not pose a danger to the safety of any other

person or the community.  18 U.S.C. § 3148(b).  Additionally, the Magistrate Judge found that the defendant is unlikely to abide by any condition or combination of conditions of release.

Having considered the pleadings filed and the record <u>de novo</u>, I find that nothing presented, or appearing in the record, serves to rebut the presumption in favor of detention.  Defendant was released on conditions and promptly violated those conditions in several ways, including the likely commission of drug felonies.  The Magistrate Judge's revocation order is supported by the record and is entirely consistent with the provisions of applicable law.  Defendant's current protestations that if released again she will comply are simply not enough to rebut the presumption favoring revocation of her release on bail.

The motion to revoke the detention order (document no. 38) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

August 12, 2010

cc: Clyde R. W. Garrigan, AUSA
    Richard H. Hubbard, Esq.
    U.S. Probation
    U.S. Marshal